James Eugene WACHTER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–97–00085–CR, 04–97–00086–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 24, 1997.

Gregory A. Richards, Kerrville, for Appellant.

Ronald L. Sutton, District Attorney, Donnie J. Coleman, Assistant District Attorney, Junction, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and ANGELINI, JJ.

## OPINION

HARDBERGER, Chief Justice.

### Introduction

James Eugene Wachter was charged with sexual contact with a child, sexual performance by a child, and sexual assault. In a separate indictment, Wachter was charged with possession of a firearm by a felon. Af-

ter the trial judge denied Wachter's Motion to Suppress Physical Evidence in both causes, Wachter pleaded guilty and was sentenced to twenty years in each cause, the terms to run concurrently. Wachter did not file a motion for a new trial, but, in this consolidated action, he appeals the trial court's denial of his Motion to Suppress Evidence. In two points of error, Wachter claims that the trial court erred by denying his Motion to Suppress because (1) the allegations contained in the affidavits were stale, conclusory, and uncorroborated and thus could not support probable cause to issue the warrant; and (2) the warrant unconstitutionally authorized the seizure of any "books, ledgers, documents, writings, video images, photographs, and videotapes." We affirm the judgment of the trial court.

### Facts

On August 2, 1996, Kerr County Narcotics Investigator Mike Trolinger submitted an affidavit requesting a warrant to search the residence of James and Theresa Wachter. In the affidavit, Trolinger alleged that the Wachters possessed methamphetamine, video tapes of child pornography, and a runaway child. The magistrate issued the requested warrant, authorizing Trolinger to search the Wachter residence for a runaway child, videos of child pornography, controlled substances, and any evidence in the form of books, ledgers, documents, writings, video images, photographs, and videotapes.

The search took place on August 2. Kerr County officers seized three rifles, one shotgun, four photographs of nude persons, and a small amount of methamphetamine from the Wachter residence. One of the persons in the photos was identified as the runaway child sought by the warrant. As a result of police interviews with this young woman, Wachter was charged with sexual assault, sexual performance by a child, and sexual contact with a child. In a separate indictment, he was charged with possession of firearms. At a suppression hearing, the trial judge rejected Wachter's motion that the physical evidence seized from his home be suppressed, stating, "Well I don't disagree that there's some areas in the warrant that—

certainly there is a question about the timeliness of some of the allegations, but I think when you take the warrant as a whole … that it is sufficient."

### Standard of Review

■ This case asks us to rule on the application of the law to facts before the trial court. The Texas Court of Criminal Appeals has recently refined the standard of review in such cases. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). Reviewing courts should afford almost complete deference to a trial court's determination of facts. *Id.* This is true also when appellate courts review determinations of "mixed fact questions." *Id.* However, where mixed fact questions do not turn on "an evaluation of credibility and demeanor," this court may review the trial judge's decision de novo. *Id.* This case falls into the final category. The trial judge overruled Wachter's Motion to Suppress based on the judge's understanding of the law of search warrants as it applied to the undisputed facts before him. *See Ornelas v. United States*, 517 U.S. 690, ——, 116 S.Ct. 1657, 1659, 134 L.Ed.2d 911 (1996) (determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal). Thus, we review this case de novo.

### Probable Cause

■ Probable cause to support the issuance of a search warrant exists where the facts given to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued. *Bower v. State*, 769 S.W.2d 887, 902 (Tex. Crim.App.1989), *cert. denied*, 506 U.S. 835, 113 S.Ct. 107, 121 L.Ed.2d 66 (1992), *rev'd on other grounds, Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App.1991). It is enough that a person of "reasonable caution" would believe that the articles sought were located at the place to be searched. *Id.* There is no established time limit on how old the information contained in an affidavit may be. *Moore v. State*, 456 S.W.2d 114, 115 (Tex.Crim.App.1970). However, "[t]he facts attested to must be so closely related to the

time of the issuance of the warrant as to justify a finding of probable cause at the time." *Heredia v. State*, 468 S.W.2d 833, 835 (Tex.Crim.App.1971).

■ A reviewing court looks at the totality of the affidavit to determine if sufficient facts have been alleged to support probable cause for a warrant to be issued. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *Bower*, 769 S.W.2d at 904. Under this test, a reviewing court must determine whether the affiant's reliable and credible informant observed conduct that was more consistent with criminal than with innocent activity. *Hall v. State*, 795 S.W.2d 195, 197 (Tex.Crim.App.1990). The magistrate is allowed to draw reasonable inferences from the alleged facts. *Ramos v. State*, 934 S.W.2d 358, 363 (Tex.Crim.App.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1556, 137 L.Ed.2d 704 (1997).

■ We find, and the State concedes, that the allegations in Trolinger's affidavit relating to the possession and use of methamphetamine are stale. Indeed, to our knowledge, Wachter has not been charged with a drug-related offense. However, the State claims that the remaining allegations, viewed together, support probable cause for a search of the Wachter residence. We will view those allegations apart from allegations regarding narcotics offenses to test the sufficiency of the affidavit. *See Walthall v. State*, 594 S.W.2d 74, 79 (Tex.Crim.App.1980) (where portions of a warrant are defective, the defective allegations are removed, and all evidence that is supported by the modified warrant is allowed in). The following is the substance of the remaining allegations:

1. Investigator Trolinger is a narcotics investigator and has been a Texas Peace Officer for nine years.

2. In October 1995, Investigator Trolinger was contacted by a reliable informant who told him that a 15–year–old runaway was staying at the Wachter home.

3. The same informant told Trolinger that Wachter had told this informant that he possessed video tapes of young girls in "sexual positions."

4. In February 1996, Trolinger was contacted by a second reliable confidential informant, who told Trolinger that this informant had talked to a juvenile staying with Wachter. This juvenile told the informant that Wachter was giving the runaway juvenile methamphetamines in exchange for sex.

5. Wachter had a prior conviction for sexual assault of a child.

6. On September 9, 1995, the Kerr County Sheriff's Department received a report of shots fired at the residence of the Wachter's. Theresa Wachter (Wachter's wife) was arrested for assault on James Wachter. A rifle was seized from the Wachter home on that date.

7. The Ingram City Deputy Marshall had been working on a report of a juvenile runaway, who was listed in the National Crime Information Center (NCIC) computer system as a missing person/juvenile runaway.

8. A third confidential informant told the Ingram City Deputy Marshall in 1996 that the missing juvenile had been at the Wachter residence within the past 24 hours and that Wachter possessed video tapes of nude persons under the age of 18.

9. On July 30, 1996, two days before the warrant was issued, the Ingram City Deputy Marshall went to the Wachter home and was told by Theresa Wachter that the runaway was not there at the time and that she must have run off into the woods.

■ To be sufficient, these allegations must support a probable-cause finding that the items to be seized—video images of child pornography and the runaway juvenile—would be on the property at the time the warrant was issued. We find that, in their totality, the allegations are sufficient.

The allegations regarding a runaway are clearly sufficient. The third confidential informant reported that he or she had seen the runaway at the Wachter home within the last 24 hours. This is timely. Wachter argues that this timeliness is negated by the runaway's absence when police went to the Wachter's to look for her. However, we believe this visit further supports probable cause. Theresa Wachter did not tell police

that the juvenile had never been there; she said the juvenile was not there *at the time.* This gave police reason to believe that the runaway had been there and that she might return. Thus, the allegation was implicitly corroborated, as well as timely.

■ The portions of the affidavit alleging that Wachter possessed child pornography are not so strong. In the first place, many of them are stale, dating back to 1995. The State relies on *United States v. Rabe,* 848 F.2d 994, 997 (9th Cir.1988), to argue that old evidence of child pornography may not be stale because of the pornographer's tendency to keep such materials rather than destroy them. However, in *Rabe,* the affidavit supporting the search warrant contained specific information on this habit, supplied by an expert. *Id.* at 996. The United States Court of Appeals for the Ninth Circuit held that, because the magistrate had this information when the warrant was issued, probable cause existed, even though some of the allegations in the affidavit were two years old. *Id.* These are not the facts in the case before us. Trolinger did not supply the magistrate with information on the particular habits of child pornographers. Thus, we cannot agree with the State that *Rabe* controls here.

In addition to the issue of staleness, none of the allegations, alone, sufficiently alleges criminal activity. The state penal code defines child pornography as material that depicts a child "who is engaging in sexual conduct." TEX. PENAL CODE § 43.26 (Vernon 1995). The 1995 allegation claims only that Wachter had pictures of "young girls" in "sexual positions." It is not clear that "young" means "underage," nor is it clear that sexual positions are the same as sexual conduct. The more recent allegations do state that the pictures are of women under eighteen, but not that the women are engaged in sexual conduct. As the defense states, *standing alone, the allegations could apply to photographs in many family albums.*

■ The State dismisses this point by stating simply that the argument "does not apply to the facts of this case." We assume the State is suggesting that, because Wachter pleaded guilty to something substantially

different from possessing family photos, this court needn't concern itself over the sufficiency of the allegations. However, the sufficiency of an affidavit is determined not by looking at the conviction and working backward, but by looking only within the four corners of the affidavit, assuming, as the magistrate must, that the defendant is not guilty. *See Massey v. State*, 933 S.W.2d 141, 148 (Tex.Crim.App.1996) (statements made during pretrial hearing may not support probable cause for warrant); *see also Barraza v. State*, 900 S.W.2d 840, 843 (Tex.App.—Corpus Christi 1995, no writ) (stating that courts look to the four corners of the affidavit because that is what the magistrate had before him or her). Probable cause must exist at the time the warrant is issued, not after trial is held.

Nonetheless, we are mindful that the affidavit must be viewed in its totality. We find that, taken as a whole, the allegations made to the magistrate do give rise to probable cause that Wachter was acting in conformance with an established pattern of behavior. The 1995 allegations that he was harboring a runaway, combined with a record involving child sexual assault and claims that he possessed videotapes of "young" women or women under the age of eighteen demonstrate a continuing pattern of behavior. These allegations, coupled with the allegation that a runaway and suggestive materials were seen at the Wachter residence within 24 hours of the warrant's issuance, support the magistrate's finding of probable cause. The older information corroborates the newer allegations and makes it sufficiently probable that Wachter possessed more than family photos of nude toddlers.

### Mere Evidence Warrants

In his second point of error, Wachter claims that Trolinger's request to search for evidence of a crime was vague and overbroad and thus defective. The request states:

Inv. Trolinger would like the authority to search all books, ledgers, writings, documents, video images, photographs or video tapes that may contain evidence of narcotic dealings and/or may contain evidence of Sexual Performance by a child. Inv. Tro-

linger's experience as an Investigator is that person(s) will make notes on paper and ledgers of their illegal activities. Also with information from the CI's [confidential informants] that video tapes were made of child sexual conduct.

The Texas Code of Criminal Procedure authorizes magistrates to issue search warrants for "property or items, except personal writings by the accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense." TEX.CODE CRIM. PROC. art. 18.02(10) (Vernon 1997). A threshold requirement for the issuance of such a warrant is that the warrant identify, as nearly as possible, that which is to be seized. *Id.* at art. 18.04(2). In addition, Article 18.01 states that a warrant may not be issued unless there are sufficient facts set forth in the affidavit to establish probable cause that (1) a specific offense was committed; (2) the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense; and (3) the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched. *Id.* at art. 18.01.

■ Wachter claims that the warrant does not meet the threshold requirements because it does not identify with specificity the items to be seized. The warrant does not state what might be found in the "books, ledgers, documents, writings, video images, photographs [or] videotapes." In addition, Wachter claims that the warrant does not charge that a specific crime has been committed or claim that the items might be found on the premises to be searched. Specifically, Wachter complains that, but for the unconstitutionally broad warrant, photographs depicting the runaway would not have been found and seized. *See Massey*, 933 S.W.2d at 148 (it is incumbent upon the defendant to identify specific evidence seized pursuant to allegedly invalid portions of a search warrant).

These claims are without merit. The affidavit, viewed in its totality, supports evidence that a specific crime has been committed: harboring a runaway. In addition, the affi-

davit plainly states that the enumerated items may provide evidence of narcotics dealings or sexual performance by a child. Trolinger states in the request for the mere evidence warrant that it is his experience that persons engaged in illegal activities will often keep records. While an ideal affidavit might be more specific, Trolinger's request was not so vague as to render the affidavit insufficient.

In *Bower*, the Texas Court of Criminal Appeals upheld a mere evidence search warrant that authorized the search for " ... evidence of the crime of ... murder, which are books, magazines, pamphlets, or other written or printed material ... concerning or evidencing the purchase or sale of ultralight aircraft or firearms or firearms silencers...." *Bower*, 769 S.W.2d at 904. The court stated that although the search warrant did not specifically describe the documents, the affidavit supplied sufficient information to demonstrate that the sought-after information existed. *Id.* We find that the affidavit before us alleges sufficient facts to demonstrate that documentary evidence of child pornography and of harboring a runaway probably existed. The warrant before this court does not differ substantially from the one approved in *Bower*. This point of error is overruled.

### Conclusion

The affidavit supporting the issuance of a search warrant to search the Wachter home was not ideal. However, viewed in its totality, it supported a probable-cause finding that James Wachter was engaging in a continued pattern of behavior involving chid pornography and was harboring a runaway. For this reason, we affirm the judgment of the trial court.