11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Timothy P. Dill

Appellant

Vs.                   No.
11-02-00370-CR B Appeal from Callahan County

State of Texas

Appellee

 

After the
trial court denied appellant=s pretrial motion to suppress evidence and appellant=s statement, appellant pleaded guilty to four
counts of aggravated sexual assault of a child.  The trial court, without a plea agreement, assessed appellant=s punishment at confinement for 35 years for
each count.  Appellant appeals the
pretrial denials of his motions by the trial court.  We affirm.

In his
first point of error, appellant contends that the search warrant was not based
upon probable cause because the facts sworn to by Texas Ranger David Hullum
were Astale.@








Whether the
facts alleged in a probable cause affidavit sufficiently support a search
warrant is determined by examining the totality of the circumstances.  Illinois v. Gates, 462 U.S. 213, 228-229
(1983).  The allegations are sufficient
if they would justify a conclusion that the objects of the search are probably
on the premises.  Cassias v. State, 719
S.W.2d 585, 587 (Tex.Cr.App.1986).  The
magistrate is permitted to draw reasonable inferences from the facts and
circumstances alleged.  Gish v. State,
606 S.W.2d 883, 886 (Tex.Cr.App.1980). 
The task of the issuing magistrate is to make a common sense decision
whether, given all the circumstances set forth in the affidavit before him,
there is a fair probability that contraband or evidence of a crime will be
found in a particular place.  Johnson v.
State, 803 S.W.2d 272 (Tex.Cr.App.1990). 
We should accord great deference to the magistrate=s determination.  Ramos v. State, 934 S.W.2d 358 (Tex.Cr.App.1996).  We must determine whether, under the
totality of the circumstances, the magistrate had a Asubstantial basis@ for concluding that probable cause
existed.  Illinois v. Gates, supra at
238-39.  In determining probable cause,
the magistrate is required to rely on information that is not stale.  Wachter v. State, 961 S.W.2d 598, 600
(Tex.App. - San Antonio 1997, pet=n ref=d).

Ranger
Hullum stated in his affidavit that he had approximately 23 years of law
enforcement experience.  He had acted as
the primary investigator in more than 100 sexual offense investigations.  Ranger Hullum stated in his affidavit:

Based upon Affiant=s experience and training, Affiant knows the
following:

 








A thirteen-year old victim, who has utilized
the pseudonym of Emmett Ray, on or about 11-13-2001, reported to the Kaufman
County Sheriff=s Office that he was orally and anally
assaulted by Timothy Paul Dill at Dill=s residence in Callahan County, on or about 07-15-2001.  The victim provided a written and an audio
statement relating the outcry.  Ray
advised that the first incident involved Dill showing the victim a videotape
which depicted two men engaging in oral and anal sexual intercourse.  The victim advised that Dill has
approximately fifteen Adirty
movies@ that Dill keeps under his bed and in the
living room.  The victim advised that he
has seen five of the movies and the movies additionally depict men masturbating
to orgasm.  Subsequently, the victim
stated that Dill fondled the victim and then Dill performed oral sexual
intercourse on the victim.  The victim
advised that Dill then made the victim perform oral sexual intercourse on
Dill.  The victim advised that on
another occasion, Dill engaged in anal sexual intercourse with the victim.  The victim advised that Dill had used a tube
of KY lubricant he had obtained from his bathroom.  The victim stated that he had been Araped@ by Dill. 
The victim also advised that Dill purchased the victim a pair of thong
underwear.  This underwear was seized by
Kaufman County Sheriff=s
Sergeant Jolie Stewart on or about 11-14-2001. 
The victim also provided Sergeant Stewart with two letters.  A return envelope also provided to Sergeant
Stewart displayed a return address of 11672 County Road 428, Cross Plains,
Texas.  Timothy Paul Dill=s drivers license record indicates an address
of 11677 County Road 428, Cross Plains, Texas. 
One section of that letter stated: AYour picture is in top of the sock drawer and you stick up at me every
morning as I get dressed.  And you know
what sticks up at me.@  The victim advised that Dill had taken two
photographs of the victim, one clothed and one undressed.  The victim advised that the nude photograph
depicted him in an aroused state.  Your
Affiant knows through experience and training that individuals who prefer child
sexual partners, typically possess pornographic material depicting like aged
individuals as the child sexual partners. 
Your Affiant knows through experience and training that typically the
individual who possesses these type of materials, keeps them convenient for
use, such as in the individual=s residence or other outbuilding in close proximity to the
residence.  Your Affiant believes that
Timothy Paul Dill has committed the offense of Aggravated Sexual Assault of a
Child, a first-degree felony, and is [in] Possession of Child Pornography,
against the laws of the State.

 

The court
in Morris v. State, 62 S.W.3d 817, 823 (Tex.App. - Waco 2001, no pet=n), stated that the proper method in
determining whether the facts supporting a search warrant have become stale is
to examine, in light of the type of criminal activity involved, the time
elapsing between the occurrence of the events set out in the affidavit and the
time the search warrant was issued. 
When the affidavit recites facts indicating activity of a protracted and
continuous nature, such as a course of conduct, the passage of time becomes
less significant. 

We hold
that the magistrate could have reasonably inferred that the information in the
affidavit was not stale.  The affidavit
referenced a letter from appellant to the victim that stated:  AYour picture is in top of the sock drawer and you stick up at me every
morning as I get dressed.  And you know
what sticks up at me.@  The affidavit stated that appellant had
taken a photograph of the victim undressed and that Athe nude photograph depicted him in an
aroused state.@  The
affidavit indicated that appellant had possession of the photograph.  The affidavit depicted activity of a
protracted and continuous nature and a continuing course of conduct.  Appellant=s first point of error is overruled. 
See Burke v. State, 27 S.W.3d 651, 654 (Tex.App. - Waco 2000, pet=n ref=d).

Appellant
urges in his second point of error that the trial court erred because the
supporting affidavit did not comply with the statutory requirements set out in
the Code of Criminal Procedure and was overly broad.  The affidavit alleged two offenses committed by appellant: (1)
aggravated sexual assault of a child and (2) possession of child pornography.  The affidavit set out four categories of items
to be seized to support the commission of the offenses:

a. 
Videotapes depicting homosexual and heterosexual intercourse.  To include             depictions of oral and anal sexual activity

 

b. 
Lubricant used in sexual intercourse

 

c. 
Computers, disks, computer diskettes

 

d. 
Any photographs, films, videotapes or other item which could visually
record 

     a
child

 








The items
identified in the search warrant were items Aconstituting evidence of an offense or constituting evidence tending to
show that a particular person committed an offense.@  TEX.
CODE CRIM. PRO. ANN. art. 18.02(10) (Vernon Supp. 2003); Bower v. State, 769
S.W.2d 887 (Tex.Cr.App.), cert. den=d, 492 U.S. 927 (1989); Drousche v. State, 651 S.W.2d 883 (Tex.App. -
Austin 1983, pet=n ref=d).  We further note that
nothing related to the computers or their components were admitted as evidence
at trial.  Therefore, even if there was
no probable cause to seize those items, the defect would not render invalid the
search and seizure of the other items described in the affidavit.  Walthall v. State, 594 S.W.2d 74
(Tex.Cr.App.1980).  Appellant=s second point of error is overruled.

In his
final point of error, appellant cites Owens v. State, 875 S.W.2d 447 (Tex.App.
- Corpus Christi 1994, no pet=n), and argues that his confession should have been suppressed because
it followed an illegal arrest and because the State failed to show intervening
factors to support a finding that the statement was independent from the
unlawful arrest.  The record in this
case shows that the arrest warrant was valid. 
The statement did not follow an unlawful arrest.  The case cited by appellant is not
controlling.  The record clearly
supports the trial court=s finding that appellant=s statement was admissible. 
Appellant=s final point is overruled.  See Heiselbetz v. State, 906 S.W.2d 500, 512
(Tex.Cr.App.1995).

The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

May 15, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.