Carl Autry v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-383-CR
No. 10-01-384-CR

     CARL PRESTON AUTREY,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 82nd District Court
Robertson County, Texas
Trial Court Nos. 01-0817112-CR and 99-0916719-CR
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Carl Preston Autrey


 pleaded guilty to possession of amphetamine in the amount of one
gram or more but less than four grams in trial court cause no. 99-09-16,719-CR (our cause no.
10-01-384-CR). Pursuant to a plea bargain, the court placed him on deferred adjudication
community supervision for seven years. About one year later, the grand jury presented an
indictment against Autrey for possession of less than one gram of methamphetamine. This
indictment was docketed under trial court cause no. 01-08-17,112-CR (our cause no. 10-01-383-CR).
      After the court denied Autrey’s suppression motion, he pleaded guilty to the
methamphetamine charge. Pursuant to a plea bargain, the court sentenced him in this case to
one year’s confinement in a state jail. Autrey also pleaded true to the allegations in the State’s
motion to adjudicate the amphetamine charge. The court sentenced Autrey to five years’
imprisonment in that case. Autrey appeals the court’s denial of the suppression motion.
      Autrey appeals from the court’s determination to proceed with an adjudication of guilt in
cause no. 10-01-384-CR. Such an appeal is statutorily prohibited. Tex. Code Crim. Proc.
Ann. art. 42.12, § 5(b) (Vernon Supp. 2004); Connolly v. State, 983 S.W.2d 738, 741 (Tex.
Crim. App. 1999). Accordingly, we will dismiss the appeal in cause no. 10-01-384-CR. See
Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).
      Autrey’s sole issue in cause no. 10-01-383-CR challenges the court’s ruling on his
suppression motion. He alleges that an affidavit presented to a magistrate for issuance of a
search warrant did not provide probable cause because it: (1) contained stale information; and
(2) was based in part on the uncorroborated statements of an anonymous informant.
      The affidavit was executed by Hugh Curry, an officer with a narcotics task force. The
affidavit states in pertinent part that Curry “received anonymous information” that Autrey had
been in possession of a “sizable amount of Methamphetamine” within the twenty-four hours
immediately preceding the preparation of the affidavit. On the morning of the day Curry
executed the affidavit, a confidential informant


 advised Curry that Autrey had instructed the
informant on the preparation of methamphetamine and had assisted the informant with “several
processes” during his preparation of methamphetamine. The informant told Curry that he had
assisted Autrey in preparing methamphetamine and had seen Autrey prepare methamphetamine
at Autrey’s residence several times during the six months before the date of the affidavit. 
Curry stated that he has received reliable information from the confidential informant in the
past.
      We examine the totality of the circumstances to determine whether the facts alleged in an
affidavit establish probable cause for issuance of a search warrant. Ill. v. Gates, 462 U.S.
213, 238-39, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983); Ramos v. State, 934 S.W.2d
358, 362-63 (Tex. Crim. App. 1996); Burke v. State, 27 S.W.3d 651, 654 (Tex. App.—Waco
2000, pet. ref’d). Ordinarily, we do not go beyond the “four corners” of the affidavit. 
Massey v. State, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996); State v. Ozuna, 88 S.W.3d
307, 310 (Tex. App.—San Antonio 2002, pet. ref’d); Burke, 27 S.W.3d at 654. Thus, we
conduct a de novo review of the affidavit to determine whether it establishes probable cause. 
Ozuna, 88 S.W.3d at 310; Burke, 27 S.W.3d at 654.
      An affidavit presenting stale information does not provide probable cause for issuance of a
search warrant. Morris v. State, 62 S.W.3d 817, 823 (Tex. App.—Waco 2001, no pet.);
Hafford v. State, 989 S.W.2d 439, 440 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d);
accord Gonzales v. State, 577 S.W.2d 226, 228 (Tex. Crim. App. [Panel Op.] 1979). 
Accordingly, we examine how much time has elapsed between the events set out in the
affidavit and the issuance of the search warrant. Id. However, “[w]hen the affidavit recites
facts indicating activity of a protracted and continuous nature, i.e., a course of conduct, the
passage of time becomes less significant.” Morris, 62 S.W.3d at 823; accord Lockett v. State,
879 S.W.2d 184, 189 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d); see also Bastida v.
Henderson, 487 F.2d 860, 864 (5th Cir. 1973).
      For information from an anonymous source to satisfy the totality-of-the-circumstances test
of Gates, “the informer must assert personal knowledge or there must be additional facts
showing reason to believe that the contraband sought will probably be where the information
indicates it will be.” Rojas v. State, 797 S.W.2d 41, 44 (Tex. Crim. App. 1990); Garcia v.
State, 3 S.W.3d 227, 236 (Tex. App.—Houston [14th Dist.] 1999), aff’d, 43 S.W.3d 527
(Tex. Crim. App. 2001); Parish v. State, 939 S.W.2d 201, 204 (Tex. App.—Austin 1997, no
pet.).
      Here, Curry’s affidavit recites that an anonymous informant told Curry that Autrey “ha[d]
been seen” with methamphetamine within the twenty-four hours immediately preceding
issuance of the warrant. The information from this anonymous informant does not appear to
have been based on the personal knowledge of the informant. However, the information
provided by the confidential informant gave “reason to believe that the contraband sought
[would] probably be where the information indicate[d] it [would] be.” Id.
      Even assuming the anonymous information was not sufficiently corroborated, the
remaining information in the affidavit provided sufficient probable cause for issuance of the
warrant. Cf. Franks v. Del., 438 U.S. 154, 171-72, 98 S. Ct. 2674, 2684, 57 L. Ed. 2d 667
(1978) (instructing lower court to disregard false information when considering sufficiency of
probable cause affidavit); Hinojosa v. State, 4 S.W.3d 240, 250 (Tex. Crim. App. 1999)
(conducting this type of review).
      Autrey does not challenge the reliability of the confidential informant. The confidential
informant told Curry that he had personally witnessed Autrey preparing methamphetamine in
his residence and that Autrey had done so on several occasions during the preceding six
months.
      Under the totality of the circumstances, this information regarding a continuing course of
illegal conduct by Autrey provided the magistrate with adequate probable cause to issue the
search warrant. See Morris, 62 S.W.3d at 823; Lockett, 879 S.W.2d at 189; see also Bastida,
487 F.2d at 864. Thus, we hold that Autrey’s sole issue is without merit.
      We affirm the judgment in cause no. 10-01-383-CR. We dismiss the judgment in cause
no. 10-01-384-CR.
 
FELIPE REYNA
                                                                   Justice
Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



Judgment affirmed in cause no. 10-01-383-CR, 
appeal dismissed in cause no. 10-01-384-CR,
Opinion delivered and filed February 4, 2004
Do not publish
[CR25]