

NUMBERS 13-12-00366-CR
13-12-00367-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RONALD GABRIEL A/K/A
RONNIE KEYS,                                                    Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

On appeal from the 130th District Court
of Matagorda County, Texas.

## MEMORANDUM OPINION[1]

## Before Chief Justice Valdez and Justices Rodriguez and Vela
## Memorandum Opinion by Chief Justice Valdez

Pursuant to a plea agreement with the State, appellant, Ronald Gabriel a/k/a

Ronnie Keys, pleaded guilty to possession of a controlled substance with intent to

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

deliver (appellate cause number 13-12-00366-CR), *see* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010), a third-degree felony, and to unlawful possession of a firearm by a felon (appellate cause number 13-12-00367-CR), a third-degree felony, *see* TEX. PENAL CODE ANN. § 46.04 (West 2011). The trial court sentenced appellant to twenty-five years' confinement for each offense with the sentences running concurrently.[2] By two issues, appellant contends that his plea was involuntary and that the trial court should have granted his motion to suppress evidence. We affirm.

## I. VOLUNTARINESS OF GUILTY PLEA

By his first issue, appellant challenges the voluntariness of his guilty pleas claiming that he entered into the plea agreements with the State "conditioned upon his belief that he had a right to appeal the denial of his motion to suppress." The State argues that we lack jurisdiction to address this issue. We agree.[3]

Where the defendant in a criminal action has pleaded guilty or nolo contendere and the punishment assessed is not greater than that recommended by the prosecutor, the appellant must have permission of the trial court to appeal the case, except on those matters that have been raised by written motion prior to trial. *See* TEX. R. APP P. 25.2 (b)(3); *Cooper v. State*, 45 S.W.3d 77, 82–83 (Tex. Crim. App. 2001) (en banc); *Escochea v. State*, 139 S.W.3d 67, 75 (Tex. App.—Corpus Christi 2004, no pet.). Here, appellant pleaded guilty to the two offenses and the punishment assessed for each offense was not greater than that recommended by the prosecutor. *See* TEX. R. APP P. 25.2 (b)(3); *Cooper*, 45 S.W.3d at 82–83. Moreover, the trial court has not granted

---

[2] The trial court sentenced appellant as a habitual felony offender. *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2011).

[3] We also note that appellant's contention has no merit because he has been allowed to appeal the trial court's denial of his motion to suppress, which we discuss below.

appellant the right to appeal any issues that were not raised by written motion prior to his pleas of guilty. *See* TEX. R. APP P. 25.2 (b)(3); *Cooper*, 45 S.W.3d at 82–83. Therefore, with the exception of the trial court's pretrial ruling on appellant's motion to suppress, we have no jurisdiction to address appellant's complaint that his guilty pleas were involuntary.[4] *See* TEX. R. APP. P. 25.2(a)(2); *Cooper*, 45 S.W.3d at 81 ("When we actually consider the issue of whether voluntariness of a guilty plea may be raised on appeal from a plea-bargained, felony conviction, we find that the answer must be that it may not."); *Escochea*, 139 S.W.3d at 75 (Tex. App.—Corpus Christi 2004, no pet.) (recognizing that the appellant "waived any appeal of the voluntariness of his plea when he pleaded guilty to a felony pursuant to an agreed punishment recommendation").

## II. MOTION TO SUPPRESS

By his second issue, appellant contends that the trial court should have granted his motion to suppress. Specifically, appellant argues that there was no probable cause to issue the warrant to search his residence because the affidavit in support of the warrant fails to provide a "sufficient link . . . to establish that the [unidentified] confidential informant can place [appellant] at the house on any prior occasion."

### A. Standard of Review and Applicable Law

Whether the trial court properly denied a defendant's motion to suppress is reviewed under a bifurcated standard of review. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007); *Scardino v. State*, 294 S.W.3d 401, 405 (Tex. App.—Corpus Christi 2009, no pet.). We give almost total deference to the trial court's

---

[4] We note that appellant's avenues for relief are not completely foreclosed by our decision; meritorious claims of involuntary pleas may be raised by other procedures such as applications for habeas corpus. *See Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001) (en banc). "These procedures are not only adequate to resolve [such] claims . . . but they are superior to appeal in that the claim may be supported by information from sources broader than the appellate record." *Id.*

determination of historical facts and review de novo the trial court's application of law to facts not turning on credibility and demeanor. *Scardino*, 294 S.W.3d at 405; *see Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). When, as in this case, the trial court makes no explicit findings of historical fact, the evidence must be viewed in the light most favorable to the trial court's ruling. *St. George*, 237 S.W.3d at 725. We must uphold the trial court's ruling if it is correct under any theory of law applicable to the case. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006); *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005). "Absent a clear abuse of discretion, the ruling on the admissibility of evidence will not be disturbed." *Fonseca v. State*, 881 S.W.2d 144, 149 (Tex. App.—Corpus Christi 1994, no pet.) (citing *Rivera v. State*, 808 S.W.2d 80, 96 (Tex. Crim. App. 1991)).

In Texas, a warrant must be supported by a sworn affidavit with sufficient facts that probable cause exists for the warrant's issuance. TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2011). Moreover, the Fourth Amendment requires that a magistrate find probable cause to believe that a particular item will be found at a particular location before it may issue a search warrant. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007). "Probable cause exists if, under the totality of the circumstances presented to the magistrate, there is at least a 'fair probability' or 'substantial chance' that contraband or evidence of a crime will be found at the specified location." *Id.* (citing *Illinois v. Gates*, 462 U.S. 213, 238, 243 n.13 (1983)).

We determine whether there is probable cause to support the issuance of the warrant from the "four corners" of the affidavit alone. *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004); *Burke v. State*, 27 S.W.3d 651, 654 (Tex. App.—Waco

4

2000, pet. ref'd). We do not engage in a de novo review of the affidavit's sufficiency. *Swearingen v. State*, 143 S.W.3d 808, 810 (Tex. Crim. App. 2004); *Ashcraft v. State*, 934 S.W.2d 727, 733 (Tex. App.—Corpus Christi 1996, pet. ref'd). We give great deference to the magistrate's determination of probable cause. *Id.* at 811; *see also Athey v. State*, No. 13-06-129-CR, 2007 Tex. App. LEXIS 6739, *11 (Tex. App.—Corpus Christi 2007, no pet.) (mem. op., not designated for publication) (explaining that we do not engage in a de novo review and instead give the magistrate great deference in an effort to encourage police officers to use the warrant process rather than make a warrantless search and later attempt to justify their actions by invoking some exception to the warrant requirement).

We must interpret the affidavit in a commonsensical and realistic manner and recognize that the magistrate is permitted to draw reasonable inferences from facts and circumstances alleged in the affidavit. *Rodriguez*, 232 S.W.3d at 61. We should not invalidate search warrants by interpreting affidavits in a hyper-technical manner. *Id.* at 59. The proper standard of review requires us to affirm the magistrate's decision to issue the warrant if the affidavit demonstrates a substantial basis for concluding that a search would uncover evidence of wrongdoing. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011); *Swearingen*, 143 S.W.3d at 810.

**B.    Discussion**

The affidavit for search and arrest warrant in this case states that the affiant is a licensed peace officer in the state of Texas and is a narcotics investigator with the Matagorda County Police Department. The affiant documented that he had "received and continues to receive numerous reports of narcotic distribution from [appellant's

5

residence]." The reports received by the officer indicated that appellant was storing and selling crack cocaine at his residence. Affiant stated that he "met with a credible and reliable informant that has given information [to the affiant] in the past and has proven to be a reliable and credible source." Affiant explained that the informant "must remain confidential for the personal safety of the informant for the fear of retaliation that the death or serious bodily injury of the informant. . . ." The confidential informant "advised that he/she had been to [appellant's residence] within the past 48 hours and had witnessed a quantity of crack cocaine." According to the confidential informant, he or she had "seen crack cocaine on many occasions and knows the substance seen at [appellant's residence] to be crack cocaine."

The magistrate found that there was a substantial basis for concluding that a search would uncover evidence of wrongdoing at appellant's residence. The magistrate based its finding on the following: (1) the officer had received numerous reports that narcotics were being distributed from appellant's residence; (2) a confidential informant told the officer that he or she had seen crack cocaine at appellant's residence within the past forty-eight hours; (3) the officer had received information from the confidential informant in the past and the informant had "proven to be a reliable and credible source"; and (4) the informant had seen crack cocaine in the past and knew that the substance he or she saw at appellant's residence was crack cocaine. We conclude that under the totality of the circumstances, the magistrate correctly found that there was probable cause to issue the warrant. *See Rodriguez*, 232 S.W.3d at 60. Accordingly,

the trial court properly denied appellant's motion to suppress.  We overrule appellant's second issue.[5]

**III.    CONCLUSION**

We affirm the trial court's judgments.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
28th day of December, 2012.

---

[5] By a sub-issue to his second issue, appellant complains that the trial court did not conduct a hearing on his motion to suppress.  Appellant has not provided a clear and concise argument with citation to appropriate authority in support of this contention.  *See* TEX. R. APP. P. 38.1(i).  Moreover, there is nothing in the record indicating that appellant requested a hearing on his motion to suppress or that a hearing was necessary to assist the trial court in making its ruling on appellant's motion to suppress.  *See* TEX. R. APP. P. 33.1 (requiring a request or objection and a ruling from the trial court to preserve error, if any); *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011) ("[W]hen the trial court is determining probable cause to support the issuance of a search warrant, there are no credibility determinations, rather the trial court is constrained to the four corners of the affidavit."); *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004) (providing that we determine whether probable cause exists to issue the warrant from the four corners of the affidavit alone); *Burke v. State*, 27 S.W.3d 651, 654 (Tex. App.—Waco 2000, pet. ref'd) (same).

7