**William Paul WYNN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–98–204–CR.**

Court of Appeals of Texas, Fort Worth.

June 17, 1999.

Hardy Burke, Denton, for appellant.

Bruce Isaacks, Criminal Dist. Atty., Pamela J. Moore, Bruce McFarling, Cary Piel, Asst. Dist. Attys., Denton, Matthew Paul, State Pros. Atty., Austin, for appellee.

Panel S: LIVINGSTON and HOLMAN, JJ.; and H. BRYAN POFF, Jr., J. (Retired, Sitting by Assignment).

## OPINION

H. BRYAN POFF, Jr., Justice (Retired).

The appellant, William Paul Wynn, was charged with possession with intent to deliver methamphetamine. He pleaded not guilty, but a jury found him guilty and assessed his punishment at five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The appellant perfected appeal and, in a single point, he contends the trial court erred in overruling his motion to suppress the evidence seized pursuant to a search warrant. Finding no error, the point is overruled, and the judgment affirmed.

The appellant sought to suppress the contents of a baggie and a box which were found at his residence. The white powder in the baggie and the box was methamphetamine, according to the testimony of a chemist who tested the powder. The appellant's residence was searched pursuant to a search warrant issued by a magistrate. The search warrant was based upon the affidavit of Don Jones, a narcotics officer with the Texas Department of Public Safety. Officer Jones's affidavit contained information he gathered and information related to him by Officers David Scott and Mike Bateman of the Denton Police Department. Officer Bateman re-

ceived his information from two confidential informants. In support of his appeal point, the appellant contends the trial court committed reversible error when it denied his motion to suppress because there was no showing of probable cause to issue the warrant. The appellant argues that the affidavit of Officer Jones did not contain sufficient facts upon which the magistrate could make an independent judgment that Jones was correct in his belief that the appellant was manufacturing and trafficking in illegal narcotics at the residence.

The appellant contends the warrant relies on three sources of information. The first being the personal knowledge Officer Jones gained as a result of his investigation. The second source of information being Officer Scott's belief that the appellant dealt in drugs. The third source being the confidential informant's allegations that the appellant dealt in drugs. The appellant further alleges that when the sources of information are taken separately, none of them provides probable cause for the issuance of the warrant. The appellant also concludes that even when taken together, the information lacks sufficient detail and reliability to support a finding of probable cause. He concludes that following the totality of the circumstances standard of review, there was no showing of probable cause.

■■■ A search warrant must be based upon probable cause. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9, *Tolentino v. State*, 638 S.W.2d 499, 501 (Tex. Crim.App. [Panel Op.] 1982). Probable cause sufficient to support the issuance of a search warrant exists where the facts contained within the four corners of the affidavit and the reasonable inferences drawn therefrom justify the magistrate's conclusion that the property that is the object of the search is probably on the premises to be searched at the time the warrant issues. *See Cassias v. State*, 719 S.W.2d 585, 587–88 (Tex.Crim.App.1986) (op. on reh'g); *Gish v. State*, 606 S.W.2d

883, 886 (Tex.Crim.App. [Panel Op.] 1980). In order to establish probable cause, the facts need not set forth facts sufficient to establish guilt beyond a reasonable doubt. *See Janecka v. State*, 739 S.W.2d 813, 823 (Tex.Crim.App.1987). The affidavit must recite facts and circumstances within the affiant's knowledge and of which the affiant has reasonably trustworthy information sufficient to warrant a reasonably cautious person's belief that the offense has been committed and the evidence to be seized is at the particular place to be searched. *See Tolentino*, 638 S.W.2d at 501. Observations reported to the affiant by other officers engaged in the investigation can constitute a reliable basis for issuing a warrant. *See United States v. Ventresca*, 380 U.S. 102, 108–09, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965). An affidavit supporting a search warrant must state sufficient information to support an independent judgment that probable cause existed for the issuance of the warrant. *See Frazier v. State*, 480 S.W.2d 375, 379 (Tex. Crim.App.1972).

■■■ In evaluating whether probable cause existed for the issuance of a warrant, appellate courts must assess the totality of the circumstances presented. *See Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983). Although an abuse of discretion standard of review applies in most reviews of evidentiary rulings, *see Montgomery v. State*, 810 S.W.2d 372, 378–79 (Tex.Crim.App.1990) (op. on reh'g), an abuse of discretion standard does not necessarily apply to the "application of law to fact questions" whose resolution does not turn on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim. App.1997). The appellate court may perform a de novo review on "mixed questions of law and fact" and "application of law to fact questions" whose resolution does not turn on an evaluation of credibility or demeanor. *Id.* Although in *Guzman* the court reviewed the probable cause to make a warrantless arrest, we cannot accept the

State's contention that the holding is limited to such cases. To the contrary, our reading of *Guzman* convinces us that a de novo review is especially relevant to testing probable cause in cases in which warrants were issued. The testing of the sufficiency of the affidavit supporting the warrant is not influenced by the credibility or demeanor of witnesses. In such cases, the appellate court is in just as good a position as the trial court to test the mixed questions of law and fact. It would also seem appropriate for the appellate court to conduct a de novo review in cases in which the motion to suppress was denied and the evidence admitted into evidence. Although great deference should be given to the inferences drawn by trial judges and law enforcement officers, determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal. *See Ornelas v. United States*, 517 U.S. 690, 696–97, 116 S.Ct. 1657, 1661–62, 134 L.Ed.2d 911 (1996). "[T]he legal rules for probable cause and reasonable suspicion acquire content only through application." *Id.* at 697, 116 S.Ct. at 1662.

■ Reviewing the totality of the circumstances, we note that the affidavit includes the personal observations of Officer Jones, Officer Scott's information, and the information that Officer Bateman gained from two confidential informants. Officer Scott provided no factual basis for his allegation that the appellant was involved in drug sales. There is also no factual basis for the allegations of Officer Bateman's unproven informant. The proven informant, however, had been to the appellant's house and although he did not buy drugs, he said drugs were being sold from the house. Standing alone, Scott's information and the proven informant's allegations regarding the appellant's drug activities may be weak, but when corroborated by the evidence gathered by Officer Jones's investigation, the threshold of proximate cause was crossed. The affidavit reveals that through his training and experience as a narcotics officer, Officer Jones was familiar with the manufacture of methamphetamine. He knew that methamphetamine has a distinctive sweet smell when it is being processed. He knew that methamphetamine manufacturing in urban areas usually takes place late in the evening or early in the morning. He said on numerous occasions in the fall of 1996, he smelled the odor of methamphetamine being manufactured coming from the appellant's house.

■ Contrary to the appellant's contention, officers may be qualified by experience and training to give evidence on the telltale odors of certain controlled substances such as methamphetamine. There is ample precedent holding that a qualified officer's detection of distinctive odors associated with narcotics is competent evidence. *See, e.g., United States v. Park*, 531 F.2d 754, 759 (5th Cir.1976) (odor of ether associated with the manufacture of methamphetamine); *Gish v. State*, 606 S.W.2d at 886 (same); *Hattersley v. State*, 487 S.W.2d 354, 356, (Tex. Crim.App.1972), *cert. denied*, 411 U.S. 932, 93 S.Ct. 1900 (1973) (smell of marijuana); *Lowery v. State*, 843 S.W.2d 136, 142 (Tex. App.—Dallas 1992, pet. ref'd) (odor from methamphetamine laboratory), *Chavez v. State*, 769 S.W.2d 284, 287 (Tex.App.— Houston [1st Dist.] 1989, pet. ref'd) (odor from methamphetamine laboratory), *Conner v. State*, 757 S.W.2d 806, 807 (Tex. App.—Tyler 1988, no pet.) (odor of methamphetamine production). Even more damaging to the appellant's cause than the existence of these cases is the fact that cases also have held that odor evidence alone is sufficient to establish probable cause. *See Moulden v. State*, 576 S.W.2d 817, 818 (Tex.Crim.App. [Panel Op.] 1978) (holding that odor of marijuana emanating from inside a car provides sufficient probable cause for warrantless search). Similarly if an affiant seeking a search warrant testifies to the presence of odors and a magistrate finds the affiant qualified to recognize the odor, the evidence will be considered evidence of a persuasive character in obtaining a warrant. *See Conner*, 757 S.W.2d at 807 (citing *Aguilar v. State*, 662 S.W.2d 436, 437–38 (Tex.App.—Corpus Christi 1983, no pet.)).

Officer Jones's affidavit established his expertise in the manufacture of methamphetamine, especially the unique odor produced during the manufacturing process. Based on his expertise and his investigation, a search warrant could have been issued. His conclusion that methamphetamine would be found at the appellant's house was further buttressed by the information supplied by the confidential informant. Under a totality of the circumstances shown within the four corners of the affidavit, we conclude that the affidavit supplied sufficient facts upon which a detached neutral magistrate could form a reasonable independent belief that there were drugs being manufactured and sold at the appellant's residence. Therefore probable cause existed for the search of the appellant's residence. Accordingly, we hold that the trial court did not err in denying the appellant's motion to suppress the white powder seized as a result of the search of the appellant's residence pursuant to the search warrant. The appeal point is overruled, and the judgment affirmed.