Stephen A. Burke v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-260-CR
No. 10-99-261-CR

     STEPHEN A. BURKE,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court Nos. 15149 and 15151
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      A jury found Stephen Burke guilty of aggravated sexual assault and assessed punishment
of thirty years’ incarceration and a $1,000 fine. The same jury found Burke guilty of
possession of child pornography and set his punishment for this offense at ten years’
incarceration and a $1,000 fine. We uphold the trial court’s denial of Burke’s motion to
suppress evidence seized from his house under a search warrant because the probable-cause
affidavit sufficiently supported the inference that he possessed illegal items at his house at the
time the warrant was issued. We also find the evidence supports a finding that the aggravated
sexual assault offense occurred within the dates alleged in the indictment—thus the State’s
failure to allege in the indictment that the offense occurred “on or about” a date is not fatal to
the conviction. Having considered, and rejected, both issues Burke presents on appeal, we
will affirm his convictions. 
BACKGROUND
      On November 19, 1998, T.H., a fifteen-year-old girl, K.H., a twelve-year-old girl, and
the girls’ mother met with Lori Hix, an investigator with the Copperas Cove Police
Department. During the interviews, T.H. and K.H. told Hix that Burke had assaulted K.H.
and that he had shown them child pornography. Based on her conversation with T.H. and
K.H., Hix obtained a search warrant authorizing a search of Burke’s home for child
pornography. During the execution of the warrant, child pornography was discovered on
Burke’s computer. At his trial, printed copies of the pornography were introduced into
evidence, and both T.H. and K.H. testified, resulting in Burke’s convictions and these appeals.
VALIDITY OF SEARCH WARRANT
      In his first complaint, Burke claims that the trial court erred when it refused to suppress
the evidence seized from his house during the execution of the search warrant. He argues that
the affidavit on which the warrant was issued does not establish probable cause to believe that
child pornography could be found at his house at the time that the warrant was issued.
Showing probable cause for a search warrant
      A request for a warrant must be supported by a sworn affidavit that sets out facts sufficient
to support a finding of probable cause. Tex. Code Crim. Proc. Ann. art. 18.01(b) (Vernon
Supp. 2000). Among other requirements, the facts asserted in the affidavit must be sufficient
to show “that the property or items constituting evidence to be searched for or seized are
located at or on the particular person, place or thing to be searched.” Id. (c)(3); Massey v.
State, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996). The allegations are sufficient if they
would justify a conclusion that the items to be searched for are probably on the premises. 
Ramos v. State, 934 S.W.2d 358, 363 (Tex. Crim. App. 1996). Moreover, the facts relied on
must not have become “stale” by the time the warrant is issued. Rowell v. State, 14 S.W.3d
806, 809-10 (Tex. App.—Houston [1st Dist.] 2000, no pet. h.); Wachter v. State, 961 S.W.2d
598, 600 (Tex. App.—San Antonio 1997, pet. ref’d). That is, the affidavit must show that the
act or event upon which probable cause is based occurred within a reasonable time prior to the
making of the affidavit. Howlett v. State, 946 S.W.2d 870, 879 (Tex. App.—Eastland 1997),
rev’d on other grounds, 994 S.W.2d 663 (Tex. Crim. App. 1999) (citing Gonzales v. State,
577 S.W.2d 226 (Tex. Crim. App. 1979)).
Our review of probable cause determinations
      When we are called upon to review a trial court’s decision on a motion to suppress
evidence based on a claim that the search warrant was not supported by probable cause, we
apply the “bifurcated” standard of review articulated in Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). Wynn v. State, 996 S.W.2d 324, 326-27 (Tex. App.—Fort Worth
1999, no pet.); Wachter, 961 S.W.2d at 600. Thus, we give almost total deference to the trial
court’s determination of historical facts that depend on credibility choices, but review its
application of the law of probable cause de novo. Id. Because probable cause to support the
issuance of the warrant is determined from the “four corners” of the affidavit alone, there are
no credibility choices to be made by the trial court in examining the sufficiency of an affidavit
to establish probable cause. Wynn, 996 S.W.2d at 326-27; see Massey, 933 S.W.2d at 148. 
Thus, we review the court’s ruling on the motion to suppress de novo. Wynn, 996 S.W.2d at
326; Wachter, 961 S.W.2d at 600. That is, we apply the same standard that the trial court
applied when it evaluated the magistrate’s decision to issue the search warrant on the basis of
the challenged affidavit.
      That standard requires us to examine the totality of the circumstances when considering
whether the facts alleged in the affidavit establish probable cause. Illinois v. Gates, 462 U.S.
213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); Ramos, 934 S.W.2d at 362-63. The
issuing magistrate is entitled to draw reasonable inferences from the facts stated in the
affidavit, and we, as a reviewing court, are required to accord those inferences great
deference. Ramos, 934 S.W.2d at 363; Wynn, 996 S.W.2d at 326-27. If “the magistrate had a
‘substantial basis for ... conclud[ing]’ that a search would uncover evidence of wrongdoing,
the Fourth Amendment requires no more,” and we should find the affidavit sufficient. See
Gates, 462 U.S. at 236, 103 S.Ct. at 2331 (quoting Jones v. United States, 362 U.S. 257, 271,
80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)).
The affidavit in support of a search warrant
      In the affidavit supporting her request for a search warrant, dated November 23, 1998,
Hix relayed the information from her November 19 interview of T.H. and K.H., stating,


 in
part:
6.[T.H.] began to tell the Affiant that on 11/09/98, Stephen dropped off all the
other children but didn’t drop her off. Instead Burke drove to the city park. [T.H.]
stated that Burke pulled over and showed her a small box. Burke opened the box and
removed a necklace. [T.H.] stated that she hugged Burke for giving her the necklace
and he then put the necklace on her. [T.H.] stated that after Burke put the necklace
on he kissed her on the back of the neck. [T.H.] stated that Burke told her that he
was not joking. [T.H.] pushed him away and Burke drove her back to school.
 
7.[T.H.] told the Affiant that Burke keeps nude photos on his dark gray labtop
computer that is hooked up the computer in the house, 607 Traci Drive. [T.H.] told
the Affiant that Burke showed her some photos that Burke had made. [T.H.] stated
that Burke showed her three (3) photos of nude females with her head pasted on them.
[T.H.] stated that Burke told her that he bets thats what her body looked like naked.
[T.H.] stated that Burke told her that he had the pictures hidden so that he can look at
them and think of her. [T.H.] told the Affiant that Burke has shown her a movie of
the Internet of people having sex.
 
8.[T.H.] told the Affiant that she spoke to her little sister, [K.H.], and discovered
that Burke had touched her genitals.
 
9.At approximately 1030 hours, Affiant met with [K.H.] and [her mother] at the
Police Department. Affiant asked [K.H.] to tell her about Burke. [K.H.] stated that
she liked Burke until he did something bad to her she didn’t like. [K.H.] stated that
she was playing games on the computer at the Burke’s house and Stephen was present
in the room. [K.H.] stated that Stephen began reading her nasty stories and showing
her pictures of naked people having sex. [K.H.] told Affiant that as Burke read the
stories he began to rub her legs and then worked his hands over the private areas. 
[K.H.] stated that she moved so he would stop. Burke then showed her a picture of a
girl, 4 to 5 years of age. The picture was of a blonde little girl with her leg wide
open. Burke then showed her a picture of two nude females getting on a bed and told
[K.H.] that it reminded him of her and [T.H.]. [K.H.] then stated that Burke put his
hand under her shorts and panties and then put his finger inside her vagina. Burke
continued to feel the rest of her body. [K.H.] stated that Burke would pull his hand
out and lick his finger and then place his hand back under her panties and inside her
part, vagina. 
 
10.[K.H.] stated that the above offense happened between September 1997 and
Halloween 1997.

 

Is the affidavit sufficient to show probable cause?
      Burke argues that the affidavit is insufficient because the only facts that would tend to
show that he possessed child pornography involved an incident that occurred in September or
October 1997, more than a year before the warrant was issued. He argues that this
information was stale. 
      However, the affidavit states that T.H. told Hix she had seen Burke as recently as ten days
before the interview. Also, according to the information in the affidavit supplied by T.H.,
“Burke keeps nude photos on his dark gray laptop computer,” a statement that indicates the
continuing and recent presence of pornography. 
      Furthermore, the affidavit recites that among the photos T.H. said Burke had were three
pictures with T.H.’s head “pasted” onto a nude body. Burke does not challenge whether it
would be reasonable for the magistrate to conclude that the bodies on which T.H.’s head were
pasted were those of a child. The affidavit indicates that Burke thought the bodies were similar
to T.H.’s body, i.e., similar to a fifteen-year-old girl’s development. Thus, although not
clearly stated in the affidavit, we believe that the magistrate could have reasonable inferred that
the photos on which T.H.’s head was superimposed were actually photos of the nude bodies of
children. Additionally, given Burke’s other comments about the photo, as related by T.H.
through Hix’s affidavit, the magistrate could have reasonably inferred that the pictures
contained lewd exhibition of the genitals of the children. See Carmell v. State, 963 S.W.2d
833, 837 (Tex. App.—Fort Worth 1998, pet. ref’d) (finding the area that becomes covered
with hair at the time of puberty to be anatomically part of the female genitalia), rev’d on other
grounds, ___ U.S. ___, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000). We conclude, then, that the
magistrate could have reasonably inferred, based on T.H.’s statements repeated in the
affidavit, that Burke had child pornography on his computer in the fall of 1998. See Tex.
Pen. Code Ann. §§ 43.25(a)(2), 43.26 (Vernon Supp. 2000);


 Gates, 462 U.S. at 236, 103
S.Ct. at 2331; Ramos, 934 S.W.2d at 362-63; Wynn, 996 S.W.2d at 326-27. 
      The facts stated in the affidavit supporting the issuance of the search warrant were not
stale. The trial court properly rejected the motion to suppress the evidence seized under the
warrant. We conclude that Burke’s first issue is without merit.
DATE OF THE AGGRAVATED SEXUAL ASSAULT
      In an attack directed only to his conviction for aggravated sexual assault, Burke claims that
there is a fatal variance between the allegations in the indictment and the evidence at trial. The
State charged Burke with assaulting K.H. “between the 1st day of September, 1997 and the 1st
day of November, 1997[.]” Burke argues that the State was required to prove that the offense
took place between these two dates because it did not allege that it occurred “on or about”
those dates. C.f. Mireles v. State, 901 S.W.2d 458, 459 (Tex. Crim. App. 1995) (holding that
when the State alleges that the date of the offense was “on or about” a certain date, it is only
required to show that the offense occurred before the indictment was handed down but within
the statue of limitations period). According to Burke, the evidence is insufficient to meet this
requirement because K.H. ultimately testified that she was uncertain as to which month the
assault took place. 
      Burke’s complaint is without merit because the evidence is sufficient to sustain a finding
that the assault took place within the date range alleged in the indictment.


 In determining
whether the evidence is legally sufficient to support the verdict, we view the evidence in the
light most favorable to the verdict, asking whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Lane v. State, 933 S.W.2d
504, 507 (Tex. Crim. App. 1996) (citing Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct.
2781, 2788-89, 61 L.Ed.2d 560 (1979)).
      K.H. testified that the assault took place in the “fall” of 1997. She was allowed to read to
the jury a statement she gave the police, in which she said that the assault occurred at the “end
of September, early October.” Additionally, Burke’s confession was read to the jury. In his
confession, he admitted to assaulting K.H. “sometime before Halloween” in 1997. Although
K.H. vacillated on the date in her testimony, at first asserting that it occurred in November
1997, then in September 1997, and finally admitting that she was not sure of the month, her
testimony, her statement that was read to the jury, and Burke’s confession were sufficient to
allow a rational trier of fact to find that the assault occurred between the 1st day of September,
1997 and the 1st day of November, 1997. Id. Thus, the evidence is legally sufficient to
sustain Burke’s conviction, even without an “on or about” allegation. 
      Burke’s second issue is meritless.
 

CONCLUSION
      We have found that the trial court correctly denied Burke’s motion to suppress the
evidence and that the evidence is legally sufficient to sustain his conviction for aggravated
sexual assault under the allegations of the indictment. Thus, having considered and rejected
each of Burke’s complaints, we affirm the judgments.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed August 30, 2000
Publish