11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Daniel
Paul Jones

Appellant

Vs.                   No.
11-02-00252-CR B Appeal from Palo Pinto County

State of Texas

Appellee

 

The jury
convicted Daniel Paul Jones of possession of methamphetamine in an amount of 4
grams or more but less that 200 grams and assessed his punishment at
confinement for a term of 20 years and a fine of $10,000.  Appellant raises two points of error
attacking the trial court=s denial of his motion to suppress physical evidence seized from his
residence pursuant to a search warrant.  
We affirm.

Appellant=s points of error attack the sufficiency of
the affidavit  submitted in support of
the requested search warrant.  Officer
Terry McDaniel of the Cross Timbers Narcotics Task Force executed the affidavit.  As set forth in detail below, the bulk of
Officer McDaniel=s factual allegations were based on his
examination of garbage that had been deposited 
into three dumpsters used by several area residents.  

On
February 23, 2001, Officer McDaniel found three bags of trash which contained
mail addressed to appellant at both his residence at Possum Kingdom Lake and an
address that he used in Wichita Falls.  
The bags also contained mail addressed to appellant=s live-in girlfriend.  Officer McDaniel stated that the bags
contained lithium batteries which had been broken apart and empty cans of camp
fuel.  He further stated that the strong
odor of ether and ammonia could be detected from the trash bags.  Officer McDaniel asserted that these
materials and odors are commonly associated with the illegal manufacture of
methamphetamine.  Officer McDaniel had
previously received information from other peace officers that appellant was
believed to be manufacturing methamphetamine. 









The next
examination of garbage retrieved from the dumpsters occurred on April 2,
2001.  The affidavit reads as follows
with respect to Officer McDaniel=s recovery:  AAffiant found three bags, a Wal-Mart bag, a
K-Mart bag, and a United Supermarket bag which had mail and literature in the
names of [appellant and his live-in girlfriend].”  Officer McDaniel stated that the bags contained the following
items associated with the manufacture of methamphetamine:  lithium batteries which had been broken
apart, an empty container of camp fuel, an empty box of salt, an empty bottle
of gas line antifreeze, a soft drink bottle which appeared to have been used as
a hydrogen chloride gas generator, and a water bottle which appeared to contain
waste material from pseudoephedrine tablets. 


Officer
McDaniel next reported on an examination of garbage retrieved from the
dumpsters  on April 6, 2001.  In a trash bag, he found drink bottles which
appeared to contain waste material from pseudoephedrine tablets.  The bag also contained an empty box of salt
and coffee filters that had a white residue. 
A field test performed on the coffee filters showed a presumptive
positive result for methamphetamine.  
Officer McDaniel did not find any mail in the trash bag addressed to
appellant or his live-in girlfriend.  He
did find a Wichita Falls Times-Record Newspaper inside the trash bag.  Officer McDaniel stated that the drink
bottles had the same appearance as the bottles examined on April 2, 2001.  Officer McDaniel also found a plastic garden
pressure sprayer under the trash bag which appeared to have been adapted for
use as a hydrochloric acid gas generator. 
Officer McDaniel concluded that he did not find any objects associated
with the manufacture of methamphetamine when he checked the dumpsters on April
5, 2001.  Officer McDaniel further noted
that appellant was not at his residence when the officer checked the dumpsters
at approximately 6:00 a.m. on April 5, 2001. 









On April
19, 2001, Officer McDaniel reported observing a vehicle registered to Kenneth
Bruno Kocks parked at appellant=s residence.  Officer McDaniel
stated that an officer with the North Texas Regional Drug Enforcement Task
Force informed him that Kocks is a known abuser and manufacturer of
methamphetamine in the Wichita Falls area and that he had been arrested for the
manufacture of methamphetamine in March 2001. 
Kocks was also reported to be a known associate of appellant.  Officer McDaniel later stated that he
observed Kocks=s vehicle located at appellant=s residence on April 25, April 30, and May 2,
2001.

The next
examination of garbage occurred on April 25, 2001.  Officer McDaniel found trash bags containing pieces of lithium
batteries, two empty boxes of salt, and five empty blister packs of
pseudoephedrine tablets.  Officer
McDaniel did not find any mail addressed to appellant or his live-in girlfriend
inside of these trash bags.

Officer
McDaniel next reported examining garbage retrieved from the dumpster on May 2,
2001.  Inside of a white trash bag,
Officer McDaniel found an empty can of camp fuel, an empty container of drain
opener, a drink bottle which appeared to contain the waste from the manufacture
of methamphetamine, an empty container of salt, and an empty box of trash bags
bearing a ABill=s” price tag in the amount of $1.00. 
Officer McDaniel then stated:  AIn an identical white trash bag in the same
dumpster, Affiant observed a bank statement from Guarantee Bank addressed to
[appellant=s live-in girlfriend and] mail from Texaco
addressed to [appellant].”  Officer
McDaniel further reported finding a receipt from Bill=s Dollar Store inside the second trash bag
for the purchase of a box of trash bags for $1.00.

Officer
McDaniel obtained the search warrant on May 2, 2001.  A search of appellant=s residence resulted in the seizure of the physical evidence which
appellant seeks to suppress. 








To be
valid, a search warrant must be supported by an affidavit setting forth
substantial facts establishing probable cause. 
TEX. CODE CRIM. PRO. ANN. arts. 1.06 & 18.01(b) (Vernon 1977 &
Supp. 2003).  Probable cause to support
the issuance of a search warrant exists when the facts submitted to the
magistrate are sufficient to justify a conclusion that the object of the search
is probably on the premises at the time the warrant is issued. Cassias v.
State, 719 S.W.2d 585, 587 (Tex.Cr.App.1986).  The magistrate is not required to find proof beyond a reasonable
doubt or by a preponderance of the evidence but only a probability that
contraband will be found in a particular place.  Johnson v. State, 803 S.W.2d 272, 288 (Tex.Cr.App.1990), cert.
den=d, 501 U.S. 1259 (1991), overruled on other grounds, Heitman
v. State, 815 S.W.2d 681, 685 (Tex.Cr.App.1991).  The sufficiency of a search warrant affidavit is determined by
use of Atotality of the circumstances” analysis.  Illinois v. Gates, 462 U.S. 213, 234
(1983); Hennessy v. State, 660 S.W.2d 87, 90 (Tex.Cr.App.1983). 

In
reviewing a ruling on a motion to suppress, we generally:  (1) afford almost total deference to the
trial court=s determinations of historical facts and
credibility and (2) review de novo determinations that do not turn on an
evaluation of credibility and demeanor. 
Johnson v. State, 68 S.W.3d 644, 652‑53
(Tex.Cr.App.2002).  A trial court
reviewing a magistrate=s
determination to issue a warrant is limited to examining only the four corners
of the affidavit to determine whether probable cause exists.  Jones v. State, 833 S.W.2d 118, 123
(Tex.Cr.App.1992).  Since we look only
to the four corners of the supporting affidavit, we do not consider testimony
presented at a pretrial motion to suppress. Massey v. State, 933 S.W.2d
141, 148 (Tex.Cr.App.1996). Because the trial court is not required to make
credibility choices in assessing the sufficiency of the affidavit, we review
the trial court=s ruling de novo. Wynn v. State, 996
S.W.2d 324, 326‑27 (Tex.App. ‑ Fort Worth 1999, no pet=n). 
In other words, we apply the same standard that the trial court applied
when it evaluated the magistrate=s decision to issue the warrant. 
Wynn v. State, supra at 326.   During that review, we afford great deference to the magistrate=s determination that the affidavit was
sufficient to support the issuance of the warrant.  Illinois v. Gates, supra at 236.  Further, we remember that the magistrate may
draw reasonable inferences so long as the affidavit is interpreted in a common-
sense and realistic manner.   Lagrone
v. State, 742 S.W.2d 659, 661 (Tex.Cr.App.1987).  








In his
first point of error, appellant attacks several areas of Officer McDaniel=s affidavit to assert that the affidavit did
not set forth sufficient facts to permit the issuance of a search warrant.  Appellant scrutinizes each of the garbage
examinations reported by Officer McDaniel in support of this assertion. With
respect to the examination performed on February 23, 2001, appellant contends
that Officer McDaniel=s
affidavit should have specified which items were recovered from each bag of
trash.  Appellant makes the same
complaint with respect to the April 2, 2001, examination.  He additionally complains that Officer
McDaniel=s report for April 2, 2001, only indicated
that mail addressed to appellant or appellant=s live-in girlfriend was found in one bag of trash yet he attributed
items found in other trash bags to appellant. 
This argument focuses on the punctuation used by Officer McDaniel in
discussing the April 2, 2001, examination.[1]  Our review of the affidavit indicates that
the magistrate could have reasonably inferred that Officer McDaniel reported
finding mail addressed to appellant or his live-in girlfriend in each of the
trash bags examined on both February 23, 2001, and April 2, 2001, based on a
contextual reading of the affidavit.  

Appellant
also argues that the discoveries made on February 23, 2001, and April 2, 2001,
should be excluded from consideration because they were too remote in time from
the date on which  the search warrant
was issued.   To justify a magistrate=s finding that an affidavit is sufficient to
establish probable cause to issue a search warrant, the facts set out in the
affidavit must not have become stale by the time the magistrate issues the
search warrant.  Hafford v. State,
989 S.W.2d 439, 440 (Tex.App. ‑ Houston [1st Dist.] 1999, pet=n ref=d).  The proper method to
determine whether the facts supporting a search warrant have become stale is to
examine, in light of the type of criminal activity involved, the time elapsing
between the occurrence of the events set out in the affidavit and the time the
search warrant was issued.  Hafford
v. State, supra at 440.  When the affidavit mentions facts indicating
activity of a protracted and continuous nature, the passage of time becomes
less significant.  Rowell v. State,
14 S.W.3d 806, 809 (Tex.App. B Houston [1st Dist.] 2000), aff=d, 66 S.W.3d 279 (Tex.Cr.App.2001). 
Officer McDaniel=s discovery of items related to the manufacture of methamphetamine over
an extended period of time indicated an activity of a protracted and continuous
nature.   Accordingly, the magistrate
was not required to exclude the discoveries made on February 23, 2001, and
April 2, 2001, from consideration.  

Appellant
attacks the report for the April 6, 2001, examination in two respects.  He first complains that there is insufficient
information to link the drug-related items found in the trash to him because
there were no papers in the trash bearing anyone=s name or address.   He further
argues that Officer McDaniel=s report for April 6, 2001, established that someone other than
appellant was manufacturing methamphetamine in the vicinity.  Appellant bases this argument on the
notation that he was not at his residence on April 5, 2001.  We disagree with appellant=s reading of the affidavit in this
regard.  Officer McDaniel did not
indicate that he maintained continual surveillance of appellant=s residence on April 5 and 6, 2001.  Instead, he only noted that he did not
observe appellant at his residence at a single point in time on April 5,
2001.  With respect to the report for
the examination conducted on April 25, 2001, appellant also complains of the
lack of papers in the trash bearing anyone=s name or address.  








With
respect to the examination of the trash retrieved on May 2, 2001, appellant
also complains that there is insufficient evidence to link the drug-related
items found in the trash to him.  As
noted previously, the drug-related items were found in one trash bag while the
mail addressed to appellant and his live-in girlfriend were found in another
trash bag.  However, the trash bag
containing the drug-related items contained an empty box for trash bags that
matched a receipt located in a trash bag that contained mail addressed to
appellant.  

Our review
of Officer McDaniel=s
affidavit reveals that he provided the magistrate with information pertaining
to the discovery of items associated with the manufacture of methamphetamine in
dumpsters located near appellant=s residence.  On at least three
occasions, the drug-related items were found in trash bags which also contained
mail addressed to appellant or his live-in girlfriend.  The last discovery occurred on the morning
that Officer McDaniel obtained the search warrant.  In his affidavit, Officer McDaniel further informed the
magistrate that appellant and a frequent guest at his residence were known to
be associated with the manufacture of methamphetamine.  Under a Atotality of the circumstances,” the affidavit presented the magistrate
with sufficient probable cause to issue a search warrant for evidence related
to the manufacture of methamphetamine. 
Appellant=s first point of error is overruled.  

Appellant
asserts in his second point of error that Officer McDaniel=s affidavit was insufficient to establish
that contraband would be found at appellant=s residence as opposed to some other location.  Appellant references a statement in Officer
McDaniel=s affidavit that appellant was believed to be
manufacturing methamphetamine in the woods near his home.  The fact that the drug-related items which
Officer McDaniel documented were found in household garbage from appellant=s home on numerous occasions provided the
magistrate with a sufficient basis for issuing a search warrant for appellant=s residence. 
Appellant=s second point of error is overruled.

The
judgment of the trial court is affirmed.

 

W. G.
ARNOT, III

CHIEF
JUSTICE

September 25, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]Please refer to the verbatim recitation of Officer
McDaniel=s report for April 2, 2001, set forth above.