NO. 07-08-0228-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 15, 2009
_____

AIDA DOMINGUEZ PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;

NO. 2611; HONORABLE KELLY G. MOORE, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Aida Dominguez Perez, was indicted for possession of a controlled substance, cocaine, of more than four grams but less than 200 grams. A jury found her guilty as charged and assessed her punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of 10 years. Appellant appeals the trial court's denial of her motion to suppress the evidence seized at the scene of her arrest. We affirm.

Factual and Procedural Background

On April 27, 2007, Yoakum County Sheriff's Deputy, Noe Valdez, received a tip from a confidential informant that appellant and Corrina Estrada would be driving from Hobbs, New Mexico to Denver City, Texas. The informant stated that the pair would be traveling in a maroon Ford Explorer that belonged to Estrada and that there would be between an ounce and an ounce and a half of cocaine in their possession. Because he was not on duty at that time, Valdez contacted Texas Department of Public Safety Trooper Jarrod Brown and advised him of the tip and requested that Trooper Brown stop the vehicle.

Brown drove toward the western Yoakum County line on the designated highway and, upon reaching the county line, turned around. After turning around, Brown observed the described vehicle approaching him from the rear. Brown slowed down and allowed the vehicle to pass him. Brown testified that there were two females in the vehicle, one of whom he recognized as Estrada. The vehicle was coming from the direction of Hobbs, New Mexico. Brown stopped the vehicle.

Valdez arrived at the scene after appellant and Estrada were already out of the Explorer. Estrada was asked and gave consent to search the Explorer. After no contraband was found, Valdez opened a black purse located in the front of the car. The purse contained identification papers identifying it as belonging to appellant. Further search of the purse revealed $1,350 in cash and approximately an ounce of cocaine.

Appellant filed a motion to suppress the evidence seized at the scene as a result of the search. Appellant contended that the search was without probable cause and the

2

evidence seized should be excluded at trial.[1]  At the hearing on the motion to suppress,

Valdez and Brown testified as to the events of April 27.  After hearing the evidence, the trial

court overruled the motion.  No findings of fact and conclusions of law were filed by the trial

court.  The jury trial subsequently resulted in appellant's conviction and sentence to 10

years confinement.

Appellant presents two issues regarding the trial court's ruling on the motion to

suppress.  First, appellant alleges there was not sufficient probable cause shown to permit

a search without a warrant.  Second, appellant alleges that the State failed to prove by clear

and convincing evidence that appellant consented to the search of her purse.  We disagree

with appellant's contentions and affirm the judgment.

Motion to Suppress

Standard of Review

In reviewing trial court rulings on matters such as motions to suppress, appellate

courts afford almost total deference to trial court determinations of historical facts and to

decisions involving mixed questions of law and fact if the resolution of those questions

depends on an evaluation of credibility and demeanor.  Guzman v. State, 955 S.W.2d 85,

89 (Tex.Crim.App. 1997).  Mixed questions of law and fact not dependent on evaluation of

credibility and demeanor are reviewed *de novo*.  Id.  The question of whether a specific

search or seizure is reasonable or supported by probable cause is subject to *de novo*

---

[1] All parties agree that the search in question was without a warrant.

3

review.  Dixon v. State, 206 S.W.3d 613, 616 (Tex.Crim.App. 2006).  Accordingly, for purposes of Fourth Amendment analysis, we give appropriate deference to the trial court's determination of historical facts, but we review the decision of the trial court *de novo* as to whether the historical facts, viewed from the standpoint of an objectively reasonable person so situated as was the police officer, could amount to reasonable suspicion and probable cause sufficient to justify an investigatory detention.  Ornelas v. United States, 517 U.S. 690, 697-700, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); Guzman, 955 S.W.2d at 89.

Probable Cause to Search

At the hearing on the motion to suppress, the parties agreed that the search in question was a warrantless search.  A warrantless search is, *per se*, unreasonable, unless it comes within one of the limited exceptions to the constitutional prohibition against warrantless searches.  See State v. Phillips, 752 S.W.2d 194, 196 (Tex.App.–Amarillo 1988, no pet.) (citing Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971)).  One of the exceptions is the vehicle exception, first enumerated by the United States Supreme Court in Carroll v. United States, 267 U.S.132, 153, 45 S.Ct. 280 69 L.Ed. 543 (1925).  Such a search must be based upon probable cause.  Id. at 155-56.  The U.S. Supreme Court continues to follow the holding in Carroll.  See Wyoming v. Houghton, 526 U.S. 295, 300, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999).  This exception has been adopted by the Texas Court of Criminal Appeals.  See Neal v. State, 256 S.W.3d 264, 282 (Tex.Crim.App. 2008).

4

In deciding whether probable cause to search exists, the totality of the circumstances must be examined to determine whether there is a fair probability that contraband or evidence of a crime will be found in a particular place. See Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Gates was dealing with the issuance of a search warrant, however, the same test applies in determining probable cause to search without a warrant. See Beck v. Ohio, 379 U.S.89, 96, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). The Texas Court of Criminal Appeals has adopted the totality of the circumstances analysis in ascertaining whether or not probable cause to search without a warrant exists. See Whaley v. State, 686 S.W.2d 950, 951 (Tex.Crim.App. 1985). The totality of the circumstances continues to be the analysis applied to questions regarding probable cause to search. See Neal v. State, 256 S.W.3d 264, 282 (Tex. 2008). The Texas Court of Criminal Appeals has stated that probable cause exists where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found. Wiede v. State, 214 S.W.3d 17, 24 (Tex.Crim.App. 2007). The known facts and circumstances include those personally known to law enforcement or those derived from a "reasonably trustworthy" source. Id.

Analysis

A review of the record reveals the following: 1) Valdez received a tip that appellant would be traveling to Denver City with cocaine in her possession; 2) the informant described who would be traveling with appellant; 3) the informant described what vehicle appellant would be traveling in; 4) the informant advised that the vehicle was owned by the person appellant was traveling with; 5) the informant identified the direction appellant would be

5

traveling from; 6) the informant advised Valdez that appellant had just left Hobbs, New Mexico when he or she called; 7) Valdez had known the informant for a year and a half; and 8) the informant had provided reliable information on five previous occasions. When the arrest and search was conducted, the following facts, as communicated to Valdez by the informant, were confirmed: 1) appellant was, in fact, headed toward Denver City; 2) Estrada was traveling with appellant; 3) appellant was traveling in a maroon Ford Explorer; 4) Estrada confirmed that the vehicle was hers; and 5) appellant was traveling from Hobbs, New Mexico. Additionally, the evidence adduced at the suppression hearing demonstrates that the informant was known to the officer and that the informant's information had proven accurate in the past.

The fact that the informant was known to the officer and had provided information in the past that proved to be accurate is critical to the analysis of whether probable cause existed. Appellant's attack on the probable cause issue is centered around a lack of information about how the informant acquired the information that appellant had drugs in her possession. To support her position, appellant cites the court to a number of cases allegedly holding that the informant's tip must show how the informant acquired the information about the alleged contraband. See Wynn v. State, 996 S.W.2d 324, 327 (Tex.App.–Fort Worth 1999, no pet.) In Wynn, the court did state that there was no factual basis for Officer Bateman's unproven informant's tip, however, in the next sentence, the court discussed the basis for the other officer's proven informant's tip and found that the information provided by the proven informant was sufficient to cross the threshold of probable cause. Id. In Hall v. State, also cited by appellant, the informant's information was

6

not supported by any reference to the credibility of the informant nor how he acquired the information at issue. Hall v. State, 795 S.W.2d 195, 197 (Tex.Crim.App. 1990).[2]  When the informant has shown to be reliable in the past, the quality of the information, then the details of how the informant came to acquire the information about drugs, the quantity of the information, need not be as detailed.  See State v. Sailo, 910 S.W.2d 184, 188-89 (Tex.App.–Fort Worth 1995, pet. ref'd).

The record before us shows that the informant had been reliable in the past, gave detailed information about appellant's activities and travel, and that these details were in fact verified.  It is important to note that the information was extremely timely, in that it was passed to Valdez only moments after appellant departed Hobbs, New Mexico.  Accordingly, the record reflects that the officer had credible information, freshly obtained, with verifiable details of appellant's travel.  This leads to the conclusion that the totality of the circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found in the vehicle. Wiede, 214 S.W.3d at 24. This being so, probable cause to search has been established. Neal, 256 S.W.3d at 282. Therefore, appellant's first issue is overruled.

Consent to Search

Appellant's next issue is centered on the fact that Valdez requested consent to search the vehicle from Estrada, the owner and driver.  During this "consent" search, Valdez

---

[2] In each of the other citations furnished by appellant, the information or tip came from either an anonymous source or a source who had not furnished reliable information previously.

extracted appellant's purse, opened it, and found the contraband. Appellant contends that, even if probable cause was established, the State failed to prove by clear and convincing evidence that appellant consented to the search of her purse.

Appellant's analysis of the law applicable to this case is in error. This case does not turn on consent to search. Rather, this is a case where probable cause to search a vehicle has been established. Therefore, the question is not one of consent, but rather whether the permissible search of the vehicle includes containers found within it. The courts at both the federal and state level have answered that question in the affirmative. See Houghton, 526 U.S. at 301; Neal, 256 S.W.3d at 282. Accordingly, appellant's second issue is overruled.

Conclusion

Having overruled appellant's two issues, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Publish.