Opinion filed December 16,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00101-CR

                                                    __________

 

                            TIMOTHY
JAMES CORLEY, Appellant

 

                                                           
V.

 

                                   
STATE OF TEXAS, Appellee



 

                                  On
Appeal from the 372nd District Court

 

                                                          Tarrant
County, Texas

 

                                                  Trial
Court Cause No. 1052732D

 



 

M
E M O R A N D U M   O P I N I O N

The
jury found Timothy James Corley guilty of possession of a chemical precursor
with intent to manufacture methamphetamine and assessed his punishment at
confinement for four years and a fine of $10,000.  We affirm.

I.  Background
Facts

The
Fort Worth Police Department received an anonymous tip that a methamphetamine
lab was being operated at 3001 Mount Vernon Avenue.  Officers A. Luna, D.L. Wise,
and L.D. Couch went to the residence.  There they observed a video camera
near the front door.  Corley allowed the officers to enter into the residence. 
Officer Wise noticed an orange syringe cap and a package of rolling papers in
plain view.  Corley told the officers that he had “stuff” in the house and that
he used drugs, but he denied selling drugs.  Officer Couch smelled hydrogen chloride. 


The
officers seized the house and called for a search warrant.  A search warrant
was issued, the residence was searched, and the officers found several items
used in the production of methamphetamine, including a jar containing dissolved
ephedrine/pseudoephedrine, spoons with cocaine and methamphetamine residue,
coffee filters with red powdery residue, a bottle that had been cut to form a
funnel, hoses, Red Devil lye, a Coleman fuel can, drain cleaner, sodium
hydroxide, sulfuric acid, syringes, and a trash can full of matchbooks soaking
in acetone.

Corley
filed a motion to suppress the evidence discovered during the search of his
house.  The trial court denied that motion.

II. 
Issues

Corley
challenges his conviction with a single issue, contending that the trial court
erred by overruling his motion to suppress.

III. 
Did the Trial Court Err by Denying the Motion to Suppress?

A
magistrate may not issue a search warrant without first finding probable cause
that a particular item will be found at a particular location.  Rodriguez v.
State, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007).  Probable cause for a
search warrant exists if, under the totality of the circumstances presented to
the magistrate, there is at least a fair probability or substantial chance that
contraband or evidence of a crime will be found at the specified location.  Illinois
v. Gates, 462 U.S. 213, 238, 243 n.13 (1983).  This does not require evidence
that, more likely than not, the item or items in question will be found at the
specified location.  Texas v. Brown, 460 U.S. 730, 742 (1983).  When
determining whether probable cause exists, a magistrate may interpret the
probable cause affidavit in a nontechnical, common-sense manner and may draw
reasonable inferences from it.  Gates, 462 U.S. at 238.

The
reviewing court’s duty is simply to ensure that the magistrate had a
substantial basis for concluding that probable cause existed.  Flores v.
State, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010).  We accord great
deference to the magistrate’s determination to encourage police officers to use
the warrant process rather than making a warrantless search and later
attempting to justify their actions by invoking some exception to the warrant
requirement.  Rodriguez, 232 S.W.3d at 59-60.  

The
probable cause affidavit in this case reads in part:

1.     
That your affiant, C. M. Williams #2844, has been a Fort Worth
Police Officer for eleven years and is currently assigned to the Special
Operations Division, Narcotic Section.

 

2.     
That on 01/17/2007 your affiant was contacted by Officer A. Luna
#3337 who related the following details.

 

3.     
That on 01/17/2007 Sgt J. T. Thornton #1932 was contacted by a
confidential source who stated that there was currently a Methamphetamine lab
at 3001 Mount Vernon Avenue.  That Sgt Thornton contacted Officer Luna and
related this information to Officer Luna.

 

4.     
That on 01/17/2007 Officer Luna and Officer D.L. Wise #2482 responded to
3001 Mount Vernon Avenue to attempt a knock and talk investigation based on the
narcotic complaint.  That Officer Luna and Officer Wise did observe a video
camera located to the west of the front door on top of the air conditioner.

 

5.     
That Officers Luna and Wise were able to speak with the suspect, a white
male known as Timothy Corley, with a date of birth of 10/10/1955 and Texas
driver’s license number 07900252, who allowed officers to enter the
residence.

 

6.     
That while speaking with the suspect Officer Wise did observe an orange
syringe cap and a package of rolling papers in plain view.  That when Officer
Wise was speaking with the suspect, the suspect stated that he has “stuff” in
the house, and that he does not sell drugs, he uses drugs.

 

7.     
That Officer L.D. Couch #1938, who has been a Fort Worth Police
Officer for 24 years and is currently assigned to the Special Operations
Division, Narcotic Section was present inside the residence with Officers Luna
and Wise and the suspect.  That Officer Couch is a Hazardous Materials
Technician and has been trained to investigate Clandestine Methamphetamine
Laboratories.  That Officer Couch is also trained and certified in Clandestine
Laboratory response and cleanup.  That Officer Couch has responded to over
fifty Methamphetamine labs in all stages of production and manufacture.  That
Officer Couch was invited into the residence along with Officers Luna and
Wise.  That based on Officer Couch’s training and experience, he was able to
immediately smell and recognize a distinct chemical odor of Hydrogen Chloride a
chemical used in the production of Methamphetamine.  Officer Couch does not
believe this odor to be consistent with any normal household odor or cleaner.

 

From this
affidavit, the magistrate could directly find the following facts:  (1) Fort
Worth police received an anonymous tip that a meth lab was in operation at the
residence; (2) Officers Williams and Couch had training and experience in
narcotics investigations; (3) Officer Couch had extensive training and
experience in clandestine methamphetamine production; (4) the residence was
using a video camera as a security system; (5) there was drug paraphernalia in
plain view inside the residence; (6) Corley was a drug user; and (7) there was
a noticeable hydrogen chloride smell in the residence.  

The
magistrate could also reasonably infer that (1) the confidential informer had
some familiarity with the activities at the residence, (2) the video camera was
being used to conceal the activities at the residence, (3) drug-related
activities were taking place inside the residence, and (4) methamphetamine was
being manufactured in the residence.

Corley
complains that the probable cause affidavit was based on secondhand knowledge
and conclusions.  Officer Williams signed the affidavit.  Officer Williams did
not go into the residence but relied on information from Officers Luna, Wise,
and Couch.  That does not render his affidavit insufficient.  When officers are
cooperating in an investigation, the sum of information known to them is
considered in determining probable cause.  Wilson v. State, 98 S.W.3d
265, 271 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).  Observations
reported to one officer by other officers engaged in the investigation can
constitute a reliable basis for issuing a search warrant.  Wynn v. State,
996 S.W.2d 324, 326 (Tex. App.—Fort Worth 1999, no pet.).  Even if some of the
statements can be characterized as conclusory, there were several specific
factual assertions.  It is these assertions upon which we have based our
review.

Corley
also complains that the affidavit was insufficient to establish Officer Couch’s
expertise in the recognition of a chemical odor.  We disagree.  The magistrate
was informed that Officer Couch was certified in clandestine lab response and
cleanup and that he had responded to over fifty labs.  This is sufficient
information to allow the magistrate to conclude that Officer Couch was
familiar with the smell of hydrogen chloride and with the significance of this
chemical.

The
direct information available to the magistrate, along with the reasonable
inferences that could be drawn from the affidavit, provided a substantial basis
for the conclusion that probable cause existed that a methamphetamine lab would
be found at the residence.  The trial court, therefore, did not err by denying
the motion to suppress.  Corley’s issue is overruled.

IV. 
Conclusion

The
judgment of the trial court is affirmed.  

                                                                              

            

RICK STRANGE

                                                                                    JUSTICE

 

December 16,
2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.