**Opinion filed December 16, 2010**



### In The

# Eleventh Court of Appeals

_____

## No. 11-09-00101-CR
_____

## TIMOTHY JAMES CORLEY, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 372nd District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 1052732D**

## M E M O R A N D U M   O P I N I O N

The jury found Timothy James Corley guilty of possession of a chemical precursor with intent to manufacture methamphetamine and assessed his punishment at confinement for four years and a fine of $10,000. We affirm.

### I. *Background Facts*

The Fort Worth Police Department received an anonymous tip that a methamphetamine lab was being operated at 3001 Mount Vernon Avenue. Officers A. Luna, D.L. Wise, and L.D. Couch went to the residence. There they observed a video camera near the front door. Corley allowed the officers to enter into the residence. Officer Wise noticed an orange syringe

cap and a package of rolling papers in plain view. Corley told the officers that he had "stuff" in the house and that he used drugs, but he denied selling drugs. Officer Couch smelled hydrogen chloride.

The officers seized the house and called for a search warrant. A search warrant was issued, the residence was searched, and the officers found several items used in the production of methamphetamine, including a jar containing dissolved ephedrine/pseudoephedrine, spoons with cocaine and methamphetamine residue, coffee filters with red powdery residue, a bottle that had been cut to form a funnel, hoses, Red Devil lye, a Coleman fuel can, drain cleaner, sodium hydroxide, sulfuric acid, syringes, and a trash can full of matchbooks soaking in acetone.

Corley filed a motion to suppress the evidence discovered during the search of his house. The trial court denied that motion.

## II. *Issues*

Corley challenges his conviction with a single issue, contending that the trial court erred by overruling his motion to suppress.

## III. *Did the Trial Court Err by Denying the Motion to Suppress?*

A magistrate may not issue a search warrant without first finding probable cause that a particular item will be found at a particular location. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007). Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate, there is at least a fair probability or substantial chance that contraband or evidence of a crime will be found at the specified location. *Illinois v. Gates*, 462 U.S. 213, 238, 243 n.13 (1983). This does not require evidence that, more likely than not, the item or items in question will be found at the specified location. *Texas v. Brown*, 460 U.S. 730, 742 (1983). When determining whether probable cause exists, a magistrate may interpret the probable cause affidavit in a nontechnical, common-sense manner and may draw reasonable inferences from it. *Gates*, 462 U.S. at 238.

The reviewing court's duty is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010). We accord great deference to the magistrate's determination to encourage police officers to use the warrant process rather than making a warrantless search and later attempting to justify their actions by invoking some exception to the warrant requirement. *Rodriguez*, 232 S.W.3d at 59-60.

2

The probable cause affidavit in this case reads in part:

1. That your affiant, **C. M. Williams #2844**, has been a Fort Worth Police Officer for eleven years and is currently assigned to the Special Operations Division, Narcotic Section.

2. That on 01/17/2007 your affiant was contacted by **Officer A. Luna #3337** who related the following details.

3. That on 01/17/2007 **Sgt J. T. Thornton #1932** was contacted by a confidential source who stated that there was currently a Methamphetamine lab at 3001 Mount Vernon Avenue. That Sgt Thornton contacted Officer Luna and related this information to Officer Luna.

4. That on 01/17/2007 Officer Luna and Officer D.L. Wise #2482 responded to 3001 Mount Vernon Avenue to attempt a knock and talk investigation based on the narcotic complaint. That Officer Luna and Officer Wise did observe a video camera located to the west of the front door on top of the air conditioner.

5. That Officers Luna and Wise were able to speak with the suspect, a **white male known as Timothy Corley, with a date of birth of 10/10/1955 and Texas driver's license number 07900252**, who allowed officers to enter the residence.

6. That while speaking with the suspect Officer Wise did observe an orange syringe cap and a package of rolling papers in plain view. That when Officer Wise was speaking with the suspect, the suspect stated that he has "stuff" in the house, and that he does not sell drugs, he uses drugs.

7. That Officer **L.D. Couch #1938**, who has been a Fort Worth Police Officer for 24 years and is currently assigned to the Special Operations Division, Narcotic Section was present inside the residence with Officers Luna and Wise and the suspect. That Officer Couch is a Hazardous Materials Technician and has been trained to investigate Clandestine Methamphetamine Laboratories. That Officer Couch is also trained and certified in Clandestine Laboratory response and cleanup. That Officer Couch has responded to over fifty Methamphetamine labs in all stages of production and manufacture. That Officer Couch was invited into the residence along with Officers Luna and Wise. That based on Officer Couch's training and experience, he was able to immediately smell and recognize a distinct chemical odor of Hydrogen Chloride a chemical used in the production of Methamphetamine. Officer Couch does not believe this odor to be consistent with any normal household odor or cleaner.

3

From this affidavit, the magistrate could directly find the following facts: (1) Fort Worth police received an anonymous tip that a meth lab was in operation at the residence; (2) Officers Williams and Couch had training and experience in narcotics investigations; (3) Officer Couch had extensive training and experience in clandestine methamphetamine production; (4) the residence was using a video camera as a security system; (5) there was drug paraphernalia in plain view inside the residence; (6) Corley was a drug user; and (7) there was a noticeable hydrogen chloride smell in the residence.

The magistrate could also reasonably infer that (1) the confidential informer had some familiarity with the activities at the residence, (2) the video camera was being used to conceal the activities at the residence, (3) drug-related activities were taking place inside the residence, and (4) methamphetamine was being manufactured in the residence.

Corley complains that the probable cause affidavit was based on secondhand knowledge and conclusions. Officer Williams signed the affidavit. Officer Williams did not go into the residence but relied on information from Officers Luna, Wise, and Couch. That does not render his affidavit insufficient. When officers are cooperating in an investigation, the sum of information known to them is considered in determining probable cause. *Wilson v. State*, 98 S.W.3d 265, 271 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Observations reported to one officer by other officers engaged in the investigation can constitute a reliable basis for issuing a search warrant. *Wynn v. State*, 996 S.W.2d 324, 326 (Tex. App.—Fort Worth 1999, no pet.). Even if some of the statements can be characterized as conclusory, there were several specific factual assertions. It is these assertions upon which we have based our review.

Corley also complains that the affidavit was insufficient to establish Officer Couch's expertise in the recognition of a chemical odor. We disagree. The magistrate was informed that Officer Couch was certified in clandestine lab response and cleanup and that he had responded to over fifty labs. This is sufficient information to allow the magistrate to conclude that Officer Couch was familiar with the smell of hydrogen chloride and with the significance of this chemical.

The direct information available to the magistrate, along with the reasonable inferences that could be drawn from the affidavit, provided a substantial basis for the conclusion that probable cause existed that a methamphetamine lab would be found at the residence. The trial court, therefore, did not err by denying the motion to suppress. Corley's issue is overruled.

IV. *Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


December 16, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.